Please be seated, ladies and gentlemen. We have two cases on the calendar this morning, a veterans case and a patent office appeal. After we hear the veterans case, the panel will briefly adjourn for a few minutes and return in a slightly modified and more youthful form. The first case is Lawrence Cokinge versus the Secretary of Veterans Affairs, Mr. Carpenter. This is 2013-7088. That's correct. May it please the court, Mr. Carpenter, appearing on behalf of Mr. Lawrence Cokinge. Mr. Cokinge's appeal presents a question of law concerning the tension between the principles of res judicata in light of the Inbox decision of the Veterans Court in Jarrell versus Nicholson. The Veterans Court erroneously determined... Well, it's interesting jurisdiction. On the one hand, I mean, there are some cases of ours, Mr. Carpenter, that say that whether res judicata applies is a question of law. No question about that. On the other hand, the question here is, was a particular argument or issue presented in the Kew proceedings during the period of, I guess, 2000-2005? And doesn't the question of whether an argument was made or a question presented sound like a fact issue, an application of law or a fact issue? Yeah, a pure fact issue. It certainly could be viewed that way, but I would suggest that the rule of law created in Jarrell about the board's jurisdiction and requiring that before the board can exercise jurisdiction, there must be a specific allegation presented to and adjudicated by the VA. And as a matter of fact, based upon the record, it's undisputed that that simply did not happen. I think you're correct in terms of what Jarrell says. I agree. But again, Jarrell turns on whether something was presented. And whether something is presented, doesn't that sound like a fact issue? Well, I don't believe so, Your Honor, because it's an either-or proposition. It either was presented or it wasn't. In this case, at the record at 19 of the joint appendix, there is a set of specific allegations made by the veteran. Also in the record at JA 46 is the decision of June 20, 2001, in which the regional office on remand or referral from the board to address the allegation of clear and unmistakable error made a decision that clear and unmistakable error was not found. At JA 46, in the recording of the facts and the analysis, there is no reference to the allegations made by Mr. Tokin, particularly as they relate to the presumption of soundness. And also in the analysis, there is no reference to either 38 U.S.C. 1111 or 1153 for the presumption of aggravation. And therefore, I believe that it is not a factual question because the record speaks for itself. The record clearly indicates that the requirements of Jarrell, that the regional office address the issue and make a decision before the board can have jurisdiction over the matter, clearly apply. Now, there is also no question here that Jarrell postdated the events that happened in the adjudication in Kokin that resulted in both a board decision and a decision by the veterans court, meaning that there was no Jarrell precedent to guide either the board or the veterans court. However, based upon the rule of law created by the full court in Jarrell, that law interpreted the regulatory, excuse me, the statutory scheme and is therefore applicable retroactively. And we believe should have been looked at by Judge Lance when he considered the question of whether or not it was appropriate for the board to refuse to consider Mr. Kokin's appeal based upon the theory of race judicata, meaning that the decision in fact was a nullity of the board and subsequently by the veterans court because they simply had no jurisdiction. Without jurisdiction, then the principles of race judicata simply cannot be used as a bar to preclude the presentation of... There was no predicate for race judicata. That's correct, your honor. In fact, on two levels, there was a change in law. There was a change in law that created the rule in Jarrell and there was a change in law about the procedure that was required to be followed by the board in examining its own jurisdiction to determine whether or not it could look at a request for revision based upon an allegation of clear and unmistakable error. This comes from the case law that requires specific allegations be made in support of a request for revision. In this case, those allegations were made. They simply were not adjudicated. If they were not adjudicated, then I suppose one could argue that claim still is pending, but it certainly is not final for purposes of race judicata. That, we believe, is the central issue in this appeal that must be resolved as a pure question of law as to whether or not the decision in Jarrell, if you will, trumps, in this case, the ability of Mr. Kokinj to have an appeal decided once again by the board based upon a VA decision which actually addressed those allegations concerning whether or not the 1972 decision correctly decided the matter based upon the correct application of the presumption of salvage. Frankly, Your Honors, unless there's further questions, I believe I've succinctly presented the issue and I'll reserve whatever time for rebuttal. We will save it for you, Mr. Carpenter. Ms. Hogan. Good morning, Your Honors. May it please the Court. We believe that the case presents, at best, a challenge to the application of race judicata to the facts of this case, and for that reason, the appeal should be dismissed. I think, to the extent that there's any legal issue raised regarding Jarrell, it really presents different facts than what were presented in this case. There was a claim, a theory of cue raised in 2000 challenging the application of presumption of soundness and aggravation that was addressed by the regional office. It was addressed by the board. It was addressed by the Veterans Court. There was a final Veterans Court decision in 2005 finding no cue based upon that theory of cue. The allegations of the presumptions of soundness and aggravation were incorrectly applied in the 1972 regional office were the same allegations that were raised in 2000. For that reason, the board first and then the Veterans Court correctly found that it couldn't consider the argument anew. That assumes that the Court, of course, can even look at those claims and look at them again to determine whether the law of res judicata was correctly applied. Jarrell dealt with a situation where there was a different specific allegation of error raised for the first time at the board. That fact was not found here, so that's a distinction. To the extent that that raises a legal issue within the Court's jurisdiction, it's one that should be affirmed. What about the fact that the June 2001 RO decision doesn't seem to really talk about what Mr. Carpenter was referring to as the presumption of soundness upon entry on service? Down at the bottom, I guess at page, I guess it's 46 of the joint appendix, it says, Q must be based upon evidence in file at the time of the previous decision. There's no real discussion of the presumption of soundness issue. Indeed, the claim that was presented at JA44 really just refers back to the BVA decision sending it back again. Right. The record could be better. The record can always be better. I think you go back to JA19, which is the first 2000 notice of disagreement with the rating decision. You're saying the reference to presumption in 38 CFR 3.105 really got the train going, if you will. It got the train going. I mean, we start with what is the allegation of Q that the claimant is making? The claimant at JA19, the allegation is that there was clear presumption of soundness, presumption of aggravation, and there is this citation to the 3.105. So there was a presentation of a theory of Q that the presumptions of soundness and aggravation weren't applied. The court is certainly correct that the rating decision by the regional office is brief, but ultimately, the board does go on to very thoroughly address the Q theory, and that decision is affirmed by the Veterans Court, and that decision becomes final. To some extent, I don't believe that there's any error of law here, but to the extent that there is an error of law, res judicata still applies. The principle of res judicata is once there's a final decision, for better or for worse, it's a final decision. You can't bring the same claim. We certainly don't believe that there was any error in the original adjudication of the Q theory. But to the extent that the court could find one, again, I think it doesn't really prevent the application of res judicata to the second bringing of the claim. If the court has no further questions, we would respectfully request that the court either dismiss or affirm the judgment of the Veterans Court. Thank you, Ms. Hogan. Mr. Carpenter has nine minutes for rebuttal. Hopefully, I won't be necessary to use all of that. Scott, one question. You're correct, Jarrell was decided in 06, post-dating many of the events here. However, at JA38, the board sends the case back to the regional office for consideration of the Q claim because it hadn't been adequately addressed. Isn't the board there, although its decision predates Jarrell, isn't it doing what Jarrell said has to be done or ensuring that what Jarrell says has to be done is done, namely that in the first instance, Q claim is considered by the RO? That's correct, Your Honor. The problem here is that the operative language in Jarrell, excuse me, Ms. Jarrell was my client, so the use of Jarrell has thrown me off. Not the same as the Maget misconstruction, right? No. Ms. Jarrell, excuse me, in the holding in Jarrell, the holding is based upon the failure of the regional office to adjudicate the specific allegations and that's the key in this case. In the adjudication, there was no consideration of the specific allegations made at JA19. Therefore, even though you may be correct that that was the intent in 2001 for the board to have the regional office do it, that intent did not get realized and the board should have caught that error, although at that point, they didn't have the benefit of Jarrell in order to understand that that negated their jurisdiction because even though there had been a remand to direct them to do that, they didn't adjudicate the specific allegations. The failure was on the part of the RO originally. When it went back, it didn't, in your view, address the claim presented at JA19. That's correct. Ms. Hogan was discussing with us. Yes, and I agree with Ms. Hogan that the allegations were laid out and had there been a reference in the rating decision that adjudicated the correctness of the application of the presumption of soundness and the presumption of aggravation, then race judicata would apply, but they simply didn't and Jarrell teaches that if they didn't, then that action is a nullity because the board lacked jurisdiction. The board derives jurisdiction from an appeal of a decision made. A non-decision, a decision that simply does not address the specific allegations, is not a viable decision subject to appellate review because there's nothing to review. They didn't make a decision on the specific allegations of clear and unmistakable error. Thank you. Mr. Caput, I will take the case on revised.